# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| WESLEY W. FLACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 6:18-cv-3236-MDH |
| | ) |
| CITIZENS MEMORIAL HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 13). The motion is ripe for review and for the reasons stated herein, the Court grants Defendant's motion to dismiss.

## BACKGROUND

Plaintiff has filed this lawsuit against Citizen Memorial Hospital alleging federal copyright infringement (Count I); breach of contract (Count II); unfair business practices (Count III); accounting (Count IV); and declaratory relief (Count V). Plaintiff states he creates, writes, and illustrates personal safety material and owns copyrighted material: specifically the following: "text; (includes fiction, nonfiction, poetry computer programs, etc.); Illustration; and Photographs (copyrighted material)." Plaintiff alleges this copyrighted material was registered with the Copyright Office on March 10, 2006, Registration Number: TXul-303-189.

Plaintiff claims Defendant is using his copyrighted materials in products it both manufactures and markets without Plaintiff's permission, and has been doing so since August 2016. Plaintiff further alleges he has demanded Defendant to stop manufacturing and marketing this material without his consent but it has failed to do so.

1

In addition, Plaintiff claims he entered into a verbal contract with Defendant in June 2004. Plaintiff claims Defendant breached said contract in June 2004 by failing to pay Plaintiff and failing to provide an accounting. Plaintiff claims under the contract Defendant also failed to obtain prior approval for displays and marketing materials as agreed to in the verbal contract.[1] Finally, Plaintiff alleges Defendant has engaged in fraudulent, deceptive, unfair and wrongful conduct by registering Plaintiff's materials with the U.S. Copyright Office and falsely claiming ownership of Plaintiff's "works."

Defendant has moved to dismiss Plaintiff's First Amended Complaint arguing: 1) Plaintiff's copyright claims are barred by sovereign immunity; 2) Plaintiff's remaining claims are barred by the statute of limitations and statute of frauds; and 3) Plaintiff has failed to state a claim upon which relief can be granted.

**STANDARD**

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.; Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft,* 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The court's assessment of

---

[1] Plaintiff does not set forth any specific details of the terms of the alleged verbal contract between the parties.

whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

**DISCUSSION**

**I.     Federal Copyright Infringement**

Defendant argues Plaintiff's claims for federal copyright infringement fail because Defendant is entitled to sovereign immunity as a political subdivision of the state. "[S]overeign immunity applies to the government and its political subdivisions unless waived or abrogated or the sovereign consents to suit." *Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921 (Mo. 2016); citing Mo. Rev. Stat. § 537.600. Further, "the operation of a hospital by a city, county or similar public corporation entity is a governmental function." *State ex rel. New Liberty Hosp. Dist. v. Pratt*, 687 S.W.2d 184, 186 (Mo. 1985). Sovereign immunity cannot be breached without the state's consent, and such consent must flow from the legislature. *Id.* at 187 (internal citations omitted).[2]

The issue before the Court is whether the Copyright Remedy Clarification Act ("CRCA") waives the state's sovereign immunity. Congress enacted the CRCA, the Patent and Plant Variety Protection Remedy Clarification Act ("Patent Remedy Act"), and the Trademark Remedy Clarification Act ("TRCA") in 1990. See *InfoMath, Inc. v. Univ. of Arkansas*, 633 F. Supp. 2d

---

[2] "…[R]arely do potential plaintiffs know, or much less frequently consider, the possibility that a state entity with which they come in contact will be immune in tort. Nevertheless, in light of the legislature's reinstatement of sovereign immunity, the question of fairness has been definitively removed from legitimate consideration." *Id.*

674, 679 (E.D. Ark. 2007) (internal citations omitted).[3] Neither the United States Supreme Court, nor the Eighth Circuit, have determined whether Congress had a valid power under Section 5 to abrogate state sovereign immunity under the CRCA. See *Issaenko v. Univ. of Minnesota*, 57 F. Supp. 3d 985, 1004 (D. Minn. 2014);[4] and *Allen v. Cooper*, 895 F.3d 337, 354 (4th Cir. 2018), *petition for cert. filed,* (U.S. Jan. 4, 2019) (No. 18-877) ("we join the numerous other courts to have considered this issue since *Florida Prepaid*, all of which have held the Act invalid.") (citing *Chavez v. Arte Publico Press*, 204 F.3d 601, 607–08 (5th Cir. 2000); and *Issaenko v. Univ. of Minn.*, 57 F.Supp.3d 985, 1007–08 (D. Minn. 2014) (collecting a dozen cases)).

In *Chavez v. Arte Publico Press*, the Fifth Circuit stated that "Congress amended both the Lanham Act and the Copyright Act and explicitly required states to submit to suit in federal court for violation of their provisions." 204 F.3d 601, 603 (5th Cir. 2000). However, the Fifth Circuit considered whether, in light of *College Savings, Florida Prepaid,* and *Kimel v. Fla. Bd. of Regents*,

---

[3] "Passage of these statutes were part of an effort by Congress to remedy imbalances between private and state institutions caused by the Eleventh Amendment sovereign immunity in trademark, copyright and patent law. All three statutes waive the state's Eleventh Amendment immunity from liability for violations of federal trademark, copyright, and patent law." *Id.* (internal citations omitted).

[4] "Although neither the Supreme Court nor the Eighth Circuit has addressed the issue, all of the other courts to consider the question to date have concluded that Congress lacked a valid grant of constitutional authority to abrogate the states' sovereign immunity under the CRCA." *Id.*, citing *Jacobs v. Memphis Convention & Visitors Bureau*, 710 F.Supp.2d 663, 674–82 (W.D.Tenn.2010); *Mktg. Info. Masters, Inc. v. Bd. of Trs. of Cal. State Univ. Sys.*, 552 F.Supp.2d 1088, 1094–95 (S.D.Cal. 2008); *Coyle v. Univ. of Ky.*, 2 F.Supp.3d 1014, 1017–19 (E.D.Ky. 2014); *Jehnsen v. N.Y. State Martin Luther King Jr., Inst. for Nonviole*nce, 13 F.Supp.2d 306, 310 (N.D.N.Y. 1998); *Whipple v. Utah*, Civ. No. 10–811, 2011 WL 4368568, at *20 (D.Utah Aug. 25, 2011); *Romero v. Cal. Dep't of Transp.*, Civ. No. 08–8047, 2009 WL 650629, at *3–5 (C.D.Cal. Mar. 12, 2009); *Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of Univ. Sys. of Ga.*, Civ. No. 07–084, 2008 WL 1805439, at *16 (M.D.Ga. Apr. 18, 2008), affirmed in part, vacated in part on other grounds by 633 F.3d 1297 (11th Cir.2011); *InfoMath, Inc. v. Univ. of Ark.*, 633 F.Supp.2d 674, 679–80 (E.D.Ark. 2007); *De Romero v. Inst. of Puerto Rican Culture*, 466 F.Supp.2d 410, 416–18 (D.P.R. 2006); *Hairston v. N.C. Agric. & Tech. State Univ.*, Civ. No. 04–1203, 2005 WL 2136923, at *8 (M.D.N.C. Aug. 5, 2005); *Salerno v. City Univ. of N.Y.*, 191 F.Supp.2d 352, 355–56 (S.D.N.Y. 2001); *Rainey v. Wayne State Univ., 26 F.Supp.2d 973, 976* (E.D.Mich.1998).

Congress had authority to abrogate state sovereign immunity. *Id.* (internal citations omitted). The Fifth Circuit found that Congress did not have the power to abrogate sovereign immunity and that an action for copyright infringement against the University was barred by sovereign immunity. *Id.* at 608. (considering the case on remand for reconsideration in light of *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank*, 527 U.S. 627, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999) and *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999)).

Here, defendant, Citizens Memorial Hospital, is a public hospital organized under Chapter 206, R.S.Mo. 1994, "Hospital District Law." *See Johnson Controls, Inc. v. Citizens Mem'l Hosp. Dist.*, 952 S.W.2d 791, 792 (Mo. Ct. App. 1997). Defendant claims it is therefore entitled to sovereign immunity on Plaintiff's claims for copyright infringement. While the law appears to present a somewhat inequitable result, a review of the cases analyzing this issue leads the Court to find that Plaintiff's copyright claims are in fact barred by sovereign immunity. *See InfoMath, Inc. v. Univ. of Arkansas*, 633 F. Supp. 2d 674, 679 (E.D. Ark. 2007) (citing additional courts who have found sovereign immunity applies). As a result, Defendant's Motion to Dismiss Plaintiff's copyright claims is granted.

### II. Plaintiff's additional claims

Defendant also moves to dismiss Plaintiff's additional claims arguing the statute of limitations and/or the statute of frauds bar his breach of contract claim, and that Plaintiff has failed to state a claim upon which relief can be granted with regard to any remaining claims. Plaintiff's allegations state that Plaintiff and CMH entered into a verbal contract in or around June of 2004 and that in or around June of 2004 Defendant breached that contract. While Plaintiff's claims are not entirely clear, Plaintiff specifically alleges that a verbal contract was entered into in 2004 and

that this same contract was breached in 2004.  Plaintiff's remaining claims all stem from state law claims.  The Court has dismissed Plaintiff's federal copyright claim, as set forth herein, and as a result declines to exercise supplemental jurisdiction over the remaining state law claims.  See *Streambend Properties II, LLC v. Ivy Tower Minneapolis*, LLC, 781 F.3d 1003, 1016–17 (8th Cir. 2015) ("When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually will point toward declining to exercise jurisdiction over the remaining state law claims.").  As a result, the Court dismisses Plaintiff's remaining claims, without prejudice to the refiling of any such claims in state court.  *Id.*

## CONCLUSION

Wherefore, for the reasons stated herein, the Court hereby **GRANTS** Defendant's Motion to Dismiss.  (Doc. 13).  The Court **ORDERS** Plaintiff's claims for Federal Copyright Infringement are **DISMISSED.**  The Court further **ORDERS** that Plaintiff's remaining claims are **DISMISSED without prejudice** as this Court no longer retains federal jurisdiction over those claims.

**IT IS SO ORDERED.**

**Date:   March 7, 2019**                                **/s/ Douglas Harpool**
                                                                                  **DOUGLAS HARPOOL**
                                                                                  **UNITED STATES DISTRICT JUDGE**